IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Janice K. Barton, | ) | Civil Action No. 6:05-722-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Janice K. Barton, brought this action pursuant to 42 U.S.C. § 405(g) and

1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security

denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security

Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to

any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than

preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner,

404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger,

409 F.Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual

circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v.

Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court

[must] uphold the [Commissioner's] decision even should the court disagree with such decision as long

as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

### Administrative Proceedings

In this case, the plaintiff applied for the aforementioned benefits on June 19, 2002, alleging disability as of January 1, 1996.  The plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 12, 2004.  The ALJ thereafter denied plaintiff's claims in a decision issued on October 21, 2004. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on February 4, 2005.  The plaintiff then filed this action in the United States District Court for judicial review.

The ALJ made the following findings in this case:

1.    The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and was insured for benefits through September 30, 2003, but not thereafter.

2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.    The claimant's major depressive and anxiety disorders are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).

4.    These medically determinable impairments do not meet, equal, or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4 and 16.

5.    The claimant's allegations, statements, and testimony regarding her limitations and other

2

subjective symptoms are not totally credible to the extent alleged for the reasons set forth in the body of the decision.  Her allegations of bad nerves, arthritis in both feet, migraine headaches, depression, an inability to interact with people, and anxiety occurring with such frequency and severity as to preclude all substantial gainful activity are not supported by the overall evidence of the record.

6.    The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the [claimant's] impairments (20 CFR 404.1527 and 416.927).

7.    Considering the claimant's combination of severe and nonsevere impairments, she has the residual functional capacity to perform the physical requirements of work at all exertional levels with restrictions which require no jobs that require the completion of more than simple instructions and no working directly with the general public.

8.    The claimant's past relevant work as a office cleaner, house cleaner, cloth warehouse worker, and fishing lure machine operator do not require the performance of work related activities precluded by the above limitations set forth in Finding No. 7 (20 CFR 404.1565 and 416.965).

9.    The claimant was not under a "disability" as defined in the Social Security Act, at any time on or prior to her date last insured expired, September 30, 2003, or through the date of this decision.

### Facts

A review of the record indicates that the plaintiff was thirty-eight (38) years old when she alleges her disability began on January 1, 1996, and forty-seven (47) years old as of the date the ALJ's decision.  Plaintiff alleges disability due to bad nerves, arthritis in both feet, migraine headaches, depression, inability to interact with people, and anxiety.  Plaintiff has a twelfth-grade education and has worked in the vocationally relevant past as a sandwich maker, kitchen helper, and cloth warehouse worker.

### Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this action was referred to United States Magistrate Judge William M. Catoe.  On December 22, 2005, Magistrate Judge Catoe filed a Report and Recommendation ("Report") which recommends to this court that the decision of the Commissioner

3

be reversed and the case be remanded to the Commissioner for further proceedings. The defendant filed

objections to the Report.

In conducting its review of the Magistrate Judge's Report, this court applies the following

standard:

> The Magistrate Judge makes only a recommendation to the court, to which any party
> may file written objections . . . . The court is not bound by the recommendation of the
> Magistrate Judge but, instead, retains responsibility for the final determination. The
> court is required to make a *de novo* determination of those portions of the report or
> specified findings or recommendation as to which an objection is made. However, the
> court is not required to review, under a *de novo* or any other standard, the factual or legal
> conclusions of the Magistrate Judge as to those portions of the report and
> recommendation to which no objections are addressed. While the level of scrutiny
> entailed by the court's review of the report thus depends on whether or not objections
> have been filed, in either case, the court is free, after review, to accept, reject, or modify
> any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (internal

citations omitted).

The defendant's objections are as follows.

**Mental Impairments**

The defendant first notes that the Magistrate Judge found that the ALJ failed to provide any

rationale as to why the plaintiff had "moderate" mental limitations. While the defendant acknowledges

that the ALJ may not have set forth his rationale for finding "moderate" limitations in a concise

statement, she argues that the evidence of the record nevertheless fully supported the ALJ's finding of

"moderate" mental limitations, and overall, the ALJ discussed the evidence related to the plaintiffs

mental impairments at length in his discussion. The defendant argues that any deficiency in the ALJ's

opinion-writing technique was harmless error, because in this case the outcome would not have been

different.

4

The court finds that the defendant's objection in this regard is without merit.  The Magistrate

Judge correctly notes in his Report that when there is evidence of a mental impairment that allegedly

restricts a claimant's ability to work, the ALJ must follow the procedure for evaluating mental

impairments set forth in 20 C.F.R. § 404.1520a.  On August 21, 2000, the regulations were amended

to provide that the five-point scale to rate the degree of limitation in the first three functional areas

(activities of daily living; social functioning; and concentration, persistence, or pace), is: none, mild,

moderate, marked, and extreme.  See 65 Fed. Reg. 50774 (Aug. 21, 2000), 65 Fed. Reg. 60584 (Oct.

12, 2000).  The regulations further provide for a four-point scale to rate the degree of limitation in the

fourth functional area (episodes of decompensation), which is: none, one or two, three, four or more.

Id.  While the ALJ is no longer required to complete the PRTF (a mental assessment form that was

previously attached to hearing decisions), he instead must "document application of the technique in

the decision." See 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2).  The regulations now provide:

> At the administrative law judge hearing and Appeals Council levels, the written decision
> issued by the administrative law judge or Appeals Council must incorporate the
> pertinent findings and conclusions based on the technique.  The decision must show the
> significant history, including examination and laboratory findings, and the functional
> limitations that were considered in reaching a conclusion about the severity of the
> mental impairment(s).  The decision must include a specific finding as to the degree of
> limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(2).

This court concurs with the Magistrate Judge's conclusion that while the ALJ did make a

function by function assessment as set forth in the regulations, he did not explain his assessment and

provide a rationale as to why the plaintiff's impairments were found to be moderate in each of the

categories.  Although the defendant argues in her objections that the evidence in the record as a whole

supported the ALJ's conclusion that the plaintiff had only moderate mental limitations, nowhere in the

5

ALJ's opinion does he *state* what his reasons were for finding the plaintiff had moderate mental limitations. Contrary to the defendant's assertion otherwise, this court finds that the regulations require the ALJ to do so. Accordingly, this court concurs with the Magistrate Judge's conclusion that remand is necessary for a proper evaluation of the plaintiff's mental impairments that includes a review of the mental functioning assessments and consideration of the diagnosis of the plaintiff's counselor, including the weight accorded to her treatment notes and restrictions.

### Residual Functional Capacity

In this case, the ALJ found that the plaintiff had the residual functional capacity to perform the physical requirements of work at all exertional levels and found that the plaintiff's mental restrictions would limit her to simple work that did not involve working directly with the public.

In the Report, the Magistrate Judge concludes that the ALJ failed to incorporate all of the plaintiff's limitations into the residual functional capacity finding. The defendant objects to this conclusion, and contends that the Magistrate Judge seems to have accepted the plaintiff's arguments that she had additional work-related functional restrictions due to panic attacks. However, the defendant states the plaintiff's allegation that she required unscheduled work breaks, low stress jobs and a structured work setting are completely unsupported by the record. The defendant argues that none of the treating physicians ascribed any of those restrictions or other restrictions due to the plaintiff's panic attacks.

This court notes that the plaintiff alleged having several panic attacks per week. Moreover, the plaintiff complained to her counselor of almost daily panic attacks. As the Magistrate Judge points out in his Report, Dr. Floyd noted in his evaluation that the plaintiff had tachycardia that "could very well be secondary to her anxiety" and she was noted to be very anxious during the examination.

6

Additionally, Dr. Martin indicated that the plaintiff reported the attacks were brought on by "people, traffic, routine stresses at home, and attending doctors' appointments." The Magistrate also notes in the Report that the plaintiff argues that the ALJ did not accept that she regularly has panic attacks because, if he had, the functional assessment would reflect the need for unscheduled work breaks, work absences, the need for work in a structured setting, or other restrictions reflecting the impairment. The Magistrate Judge further notes that the plaintiff also argues that the ALJ provided no information as to how he arrived at the conclusion that the plaintiff's conditions were manageable in a work setting as long as the plaintiff avoided complex tasks and the public. Based upon such, the Magistrate Judge concludes that remand is appropriate for consideration of the plaintiff's residual functional capacity with regard to the plaintiff's mental disorders with evidence of frequent anxiety attacks.

This court notes that SSR 96-8p provides in pertinent part:

In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, *1, *7 (S.S.A.).

Considering such, this court concurs with the Magistrate Judge's conclusion that remand is appropriate for consideration of the plaintiff's residual functional capacity with regard to the plaintiff's mental disorders with evidence of frequent anxiety attacks. The court finds the ALJ failed to properly consider the plaintiff's mental disorders in his analysis of her residual functional capacity. Accordingly, for the reasons stated above, the court finds the defendant's objection in this regard to be without merit.

### Credibility

The defendant also objects to the Magistrate Judge's conclusion that remand is necessary because the ALJ failed to provide an assessment of the plaintiff's credibility regarding her mental impairments. In the objections, the defendant argues that when the ALJ's decision is considered as a whole, it is evident that the ALJ did not rely only on findings related to the plaintiff's physical impairments in determining that the plaintiff's allegations of disabling mental impairments were less than fully credible. The defendant argues that the ALJ specifically discussed the medical findings, lack of treatment and opinions related to the plaintiff's mental limitations.

However, this court notes, as did the Magistrate Judge, that Social Security Ruling 96-7p states that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." Furthermore, it "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight." SSR 96-7p. As the Magistrate Judge notes in the Report, the ALJ states in his decision that the plaintiff's subjective allegations "far exceed the limitations that would ordinarily be expected to result from the nature of her impairments and far exceed the objective findings and observations which are reflected in her medical records." Likewise, the ALJ states that "[a]lthough the plaintiff testified that she is unable to work, that allegation is not supported by the evidence in the record." As the Magistrate Judge correctly concludes in the Report, the only evidence cited by the ALJ as to the plaintiff's credibility is in regard to her physical limitations rather than her mental limitations. Contrary to the defendant's position, the ALJ's decision did not contain specific reasons for his finding on credibility regarding the plaintiff's mental impairments, which as noted above, is required by SSR 96-7p. Therefore, this court finds the defendant's objection in this regard is without merit and concurs with

8

the Magistrate Judge that remand is necessary.

## Conclusion

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and reverse the determination of the Commissioner.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), with a **REMAND** of the cause to the Commissioner for further proceedings as discussed in this Order and the Magistrate Judge's Report.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 29, 2006
Florence, South Carolina